UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN T. SESSIONS; HISTORIC FLIGHT FOUNDATION, a Washington nonprofit corporation; and FWF LTD., a Washington corporation,<br><br>Plaintiffs,<br>v.<br><br>UMB BANK, N.A., a foreign corporation,<br><br>Defendant. | CASE NO. 2:21-cv-01490-LK<br><br>ORDER TO SHOW CAUSE REGARDING JURISDICTION AND DENYING MOTION FOR TRO AND INJUNCTIVE RELIEF |

After previously informing this Court that it would file a motion to amend its counterclaims after judgment was issued in the North Dakota action, Dkt. No. 39 at 2, Defendant UMB Bank, N.A. has instead filed an Emergency Motion for Temporary Restraining Order and Permanent Injunction, Dkt. No. 41. For the reasons below, the Court denies UMB's motion without prejudice and orders UMB to show cause why this Court has jurisdiction over this case.

The standard for issuing a TRO is "substantially identical" to that required for a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). "A plaintiff seeking

ORDER TO SHOW CAUSE REGARDING JURISDICTION AND DENYING MOTION FOR TRO AND INJUNCTIVE RELIEF - 1

a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because "an injunction is not a cause of action, but rather a remedy," a motion for a TRO and injunctive relief must rest on a meritorious cause of action. *Krusee v. Bank of Am., N.A.*, No. C13-824-RSM, 2013 WL 3973966, at *5 (W.D. Wash. July 30, 2013).

Here, both Plaintiffs and UMB filed causes of action for prejudgment relief, and UMB also filed a claim for recognition and enforcement of an order from the North Dakota court. Dkt. No. 1-1 at 5–10; Dkt. No. 12 at 9–11. The Court subsequently granted Plaintiffs' motion to dismiss UMB's latter claim, leaving two of UMB's claims alive. Dkt. No. 30. Importantly, the Court observed that UMB's claim for appointment of a receiver was not a standalone remedy and instead was dependent upon some other pending cause of action. *Id.* at 12; *see also Power Support (USA), Inc. v. Power Support, Ltd*, No. C12-10900-BRO-FFMX, 2013 WL 12113231, at *4 (C.D. Cal. June 7, 2013) ("[T]he appointment of a receiver is ancillary to some other pending cause of action, and is not a stand-alone remedy where no other relief is sought."). In other words, UMB's receivership request was dependent upon UMB's remaining cause of action for a prejudgment writ of attachment. Dkt. No. 12 at 10.

Judgment has now been entered in the North Dakota action, Dkt. No. 42 at 6–14, mooting UMB's claim for a prejudgment writ of attachment. UMB's request for receivership dies along with it. Plaintiffs' claims, which sought to avoid prejudgment remedies, Dkt. No. 1-1, are also moot. *See, e.g., Genomatica, Inc. v. Icelandic Genomic Ventures Holding, S.A.R.L.*, No. C12-0268-GPC-BGS, 2013 WL 417321, at *5 (S.D. Cal. Jan. 31, 2013) (grant of default judgment mooted plaintiff's motion for prejudgment writ of attachment).

ORDER TO SHOW CAUSE REGARDING JURISDICTION AND DENYING MOTION FOR TRO AND INJUNCTIVE RELIEF - 2

Because none of UMB's claims survive, it cannot show a probability of success on the merits. *See, e.g.*, *Jaax v. United States*, No. C08-6666-MMM-AGRX, 2008 WL 4630559, at *2 (C.D. Cal. Oct. 17, 2008) (denying *ex parte* motion for a TRO where movant did "not show a probability of success on the merits because his complaint, as presently formulated, fails to state a claim on which relief may be granted"); *Smith v. California Dep't of Corr. & Rehabs.*, No. C18-2942-KJM-ACP, 2020 WL 1503431, at *4 (E.D. Cal. Mar. 30, 2020) ("[W]ithout a viable complaint the court cannot assess plaintiff's likelihood of success on the merits[.]"); *Most v. Pritzker*, No. C20-738-SMY, 2020 WL 4582593, at *2 (S.D. Ill. Aug. 10, 2020) (denying motion for TRO and preliminary injunction because, "[a]s Plaintiff has failed to state a viable claim for relief, he has no reasonable likelihood of success on the merits"). Accordingly, the Court DENIES UMB's motion without prejudice and ORDERS UMB to show cause no later than April 22, 2022 why this Court has jurisdiction over this case.

Dated this 8th day of April, 2022.

*Lauren King*
Lauren King
United States District Judge